KUHN, J.,
concurring.
I .Because I agree with the reversal and remand of this case, I concur in the result. But I believe the holding — that since Governor Jindal had no authority to enact substantive law, he had no authority to transfer such power to the Department of Insurance; and as such, the Department exceeded any authority given under La. R.S. 29:274 to enact sections 4719 and 4721 of Rule 26 — is dicta.
La. C.C.P. art. 1871 permits courts to declare the rights, status, and other legal relations of the parties. A person whose rights, status, or other legal relations are affected by, among other things, an emergency rule may have any question of construction or validity arising under that rule determined; and may obtain a declaration of rights, status, or other legal relations thereunder. See La. C.C.P. art. 1872. (Emphasis added.) There is no prohibition against granting summary judgment in an action for declaratory judgment. See e.g., Lemoine v. Baton Rouge Physical Therapy, L.L.P., 2013-0404 (La.App. 1st Cir.12/27/13), 135 So.3d 771, writ denied, 2014-0201 (La.4/4/14), 135 So.3d 1182 (affirming the trial court’s declaration as valid certain non-competition provisions in a partnership agreement). But in granting summary judgment, where there are no genuine issues of material fact to be resolved, the court is tasked with the assignment of declaring questions of construction or validity of, among other things, the emergency rule. See Nosser v. Health Care Trust Fund Bd. of City of Shreveport, 27,619 (La.App.2d. Cir.1/24/96), 666 So.2d 1272, 1278; see also La. C.C.P. arts. 966, 1871 and 1872.
In this case, the trial court issued a judgment that merely states that summary judgment in favor of the State is “GRANTED as there are no genuine issues of material fact that preclude Final Judgment in favor of THE STATE” without expressly declaring anything and, more specifically, without stating the “rights, status, and other legal relations” between the Louisiana Hospital Association and the Louisiana Medical Society (collectively LHA) and the State of Louisiana as it was required to do when rendering a declaratory judgment. Thus, the reversal of the trial court’s judgment and remand of the matter to the trial court is correct. On remand, the trial court should articulate the parties’ rights, status, and legal relations to support its legal conclusion that LHA is not entitled to the declaration that sections 4719 and 4721 of Rule 26 were illegally promulgated and/or unconstitutional. Accordingly, I concur in the result.